UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIE STEVENSON,                )
                                 )
            Plaintiff,            )
                                 )
      v.                          )     No. 4:06-CV-1300-HEA
                                 )
KEITH HAYES, et al.,              )
                                 )
            Defendants.           )

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Willie Stevenson (registration no. 106375) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on August 30, 2006. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $7.50, and an average monthly account balance of $.56. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint and amended complaint**[1]

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Keith Hayes, State of Missouri, Troy Steele, and Larry Crawford. Plaintiff alleges that defendants have violated his First, Fourth, Eighth, and Fourteenth Amendment rights.

At the outset, the Court notes that, although available, plaintiff has not presented his claims through the prison grievance system. He states in his amended complaint that he "has started to exhaust the administrative remedy" [Doc. #5].

---

[1] Plaintiff has titled this action as "Motion for Temporary Restraining Order: Order, or a Permanent Injunction" [Doc. #2]. Because plaintiff seeks monetary and injunctive relief against state actors for the violation of his constitutional rights, the Court has construed this action as a complaint brought pursuant to 42 U.S.C. § 1983.

3

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516 (2002). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought. When multiple prison-condition claims have been joined, § 1997e(a) requires exhaustion as to all claims. *See Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000)(per curiam).

Furthermore, in *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003), the Eighth Circuit stated that if a prisoner's administrative remedies have not been exhausted prior to the filing of the lawsuit, the case must be dismissed, even if exhaustion occurs before the district court rules on a motion to dismiss for failure to exhaust. In *Nash v. Lappin*, No. 05-2285, slip op. at 2 (8th Cir. March 30, 2006)(unpublished per curiam), the Eighth Circuit held that a District Court may properly dismiss an in forma pauperis complaint prior to service of process where it is clear from the face of the complaint that plaintiff has not

4

administratively exhausted all of his claims when he filed the lawsuit.

Plaintiff states in his amended complaint that he "has started to exhaust the administrative remedy." As such, the Court concludes that plaintiff failed to exhaust his available administrative remedies before filing the instant action. Therefore, his present claims are barred by 42 U.S.C. § 1997e(a). Plaintiff, however, may file another action in federal court once he has fully exhausted his prison remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.50 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend the complaint [Doc. #5] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Willie Stevenson v. Keith Hayes, State of Missouri, Troy Steele, and Larry Crawford.*

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint and amended complaint, because plaintiff has failed to exhaust his prison remedies.

An appropriate order shall accompany this Order and Memorandum.

Dated this 10th day of October, 2006.

_____
**UNITED STATES DISTRICT JUDGE**